IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIE EASON, JR. | § | |
|    TDCJ-CID #682440 | § | |
| | § | |
| VS. | § | C.A. NO. C-07-104 |
| | § | |
| WARDEN EILEEN KENNEDY, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's claims against Keith Farrell, Angelina Ward, Randolph Rincon, and Hilda Silvas be dismissed upon

plaintiff's own motion or for failure to state a claim. It is respectfully recommended that plaintiff's Eight Amendment claims against the remaining defendants be retained, and service ordered on these defendants. To the extent plaintiff is suing any defendant in his or her official capacity for money damages, it is respectfully recommended that those claims be dismissed as barred by the Eleventh Amendment.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this lawsuit on March 5, 2007, and named the following McConnell Unit employees as defendants: Eileen Kennedy, an assistant warden at the time; seven food service managers, Captain Smith, Keith Farrell, Ann Phipps, Louise G. Steik, Angelina A. Ward, Randolph M. Rincon, and Kris A. Williford; two physician's assistants: Richard Woodcroft and David Bartlett; and a unit grievance counselor, Hilda G. Silvas. The following allegations were made in plaintiff's original complaint, (D.E. 1) and at the April 17, 2007, Spears[1] hearing:

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Prior to January 20, 2005, plaintiff was medically unassigned, in part due to his diabetes, and did not work because of his various medical restrictions. According to plaintiff's TDCJ Health Summary for Classification form, also known as "HSM-18," as of January 19, 2005, he had the following work assignment restrictions: limited standing; no walking greater than 100 yards; no lifting over 10 pounds no squatting; no climbing; no reaching over shoulder; no walking on wet uneven surfaces; no work in direct sunlight; no temperature extremes; and no humidity extremes. (See D.E.1, Ex. 1).

On January 20, 2005, Warden Kennedy met with plaintiff and told him that he would be working in the kitchen. Plaintiff explained that his medical problems prevented him from such work. Warden Kennedy responded that she would find a job that fit within his restrictions.

On January 21, 2005, plaintiff was assigned to work in the pot room, where he was required to stand and hand wash pot and cake pans. In addition, he was required to wear rubber boots while working in the kitchen. Plaintiff testified that the rubber boots often had holes in them, and that water would often seep in, resulting in his feet remaining wet the entire time he was on duty. Plaintiff complained to Captain Smith that this job was in violation of his medical restrictions. Captain Smith responded that she knew the job was in violation of his restrictions, but did not care.

Approximately one week later, plaintiff was moved from the pot room and assigned to work as a counter attendant serving food. While working at that job, plaintiff slipped and fell due to water on the floor.

Plaintiff began having problems with his right foot. On one occasion, he showed Captain Smith his right foot, which had become swollen and sore from standing and from wearing the rubber boots, but she stated that it looked fine to her and that she would give him a disciplinary case if he did not return to work. On another occasion, while working in the chow-hall line, plaintiff slipped on the wet floor and injured his right shoulder. Defendant Phipps saw the accident but refused to get plaintiff medical attention.

Plaintiff complained to the food service managers of working beyond his medical restrictions. He complained to Keith Farrell, but Officer Farrell's told him to talk to Captain Smith because she was in charge of work assignments. Plaintiff showed Ann Phipps his HSM-18 form, but she told him that she would give him a disciplinary case if he did not work. He showed his medical restrictions form to Louise Stiek. She told plaintiff that he should talk to someone in classification; plaintiff claims that Officer Stiek had the authority to change his work assignment. Plaintiff states that he spoke to Angelina Ward about his medical restrictions, although he never showed her the actual medical form. Ms. Ward told plaintiff that she would check back with him; however, a week later, plaintiff was no longer working in the kitchen. He also showed Officer Willeford his HSM-18, but she told plaintiff to return to his job.[2]

---

[2] In his original complaint, plaintiff also named food service manager Randolph M. Rincon as a defendant. However, at the evidentiary hearing, plaintiff testified that he does not read or write, and that another inmate assisted him with the preparation of his complaint. He did not intend to sue Officer Rincon, but to only call him as a witness. Accordingly, it is recommended that plaintiff's claims against Officer Rincon be dismissed upon plaintiff's own motion. Fed. R. Civ. P. 41(a)(1).

Plaintiff continued to have problems with his right foot, and he submitted numerous sick call requests ("SCR") and I-60's complaining that his right foot was hurting. He was seen by PA Bartlett on one occasion, and by PA Woodcroft on another. Plaintiff claims that each of these defendants told him that his foot was swollen due to his having pneumonia. Plaintiff objected, stating that he had no symptoms of pneumonia, only a cold and a flu, and that it was the boots he was forced to wear that was causing the pain, but neither defendant listened to him and instructed him to return back to work.

On February 28, 2005, plaintiff was seen by Dr. Herrera who diagnosed him as suffering with gangrene in his middle toe of the right foot as a result of the boots. Dr. Herrera drained plaintiff's toe, and then sent him to John Sealy to have it amputated. His toe was amputated on March 5, 2005. Plaintiff complains of difficulty ambulating since the amputation, as well as phantom pain.

On July 22, 2005, plaintiff submitted a Step 1 grievance complaining about being forced to work in the kitchen and the subsequent amputation of his toe. (D.E. 1, Ex. 2). By response dated September 5, 2005, his Step 1 grievance was denied with the notation that he had been referred to the brace and limb department. Id. Plaintiff asked Ms. Silvas to help him file a Step 2 grievance. He filed a Step 2 appeal and never received a response.

### III. DISCUSSION

**A.     Legal standard.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id.

**B.     Eight Amendment.**

The Eighth Amendment prohibits cruel and unusual punishment.  Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 8-10 (1992); Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Such such a violation occurs when a prison official is deliberately indifferent to an inmate's health and safety.  Farmer, 511 U.S. at 834.  Deliberate indifference is more than mere negligence. Id. at 835.  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id. at 837.

### 1.     Forced to work beyond medical limitations.

Plaintiff claims that defendants forced him to work in conditions contrary to his medical limitations in deliberate indifference to his health and safety.

The Fifth Circuit has acknowledged that, if an inmate is assigned to working conditions that worsen or exacerbate an existing serious medical condition, such work may be deemed cruel and unusual in violation of the Eight Amendment. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). In Jackson, the plaintiff alleged that he had been diagnosed with venereal disease and had been told to stay out of sunlight as much as possible and to work indoors. Id. at 1245. Instead, he was assigned to shoveling unshucked corn outside and in the summer heat. Id. The Fifth Circuit noted that "if prison officials knowingly put Jackson on a work detail which they knew would significantly aggravate his serious physical ailment, such a decision would constitute deliberate indifference to serious medical needs." Id. at 1246. See also Calhoun v. Hargrove, 312 F.3d 730, 194 (5th Cir. 1993) (plaintiff's claim of being forced to work beyond 4-hour work limitation and dangerously elevated blood pressure stated an Eighth Amendment claim). Thus, for plaintiff to establish a claim of deliberate indifference based on being forced to work beyond his medical restrictions, he must show that defendants assigned him to work in the kitchen with knowledge of his diabetes and medical limitations, and that his condition worsened by engaging in such work, or caused him undue pain.

At the evidentiary hearing, plaintiff testified that Warden Kennedy was aware of his diabetes and HSM-18, and also that he had been medically unassigned and not working prior

7

to her deciding that she could find him a job that "fit within his limitations." Within a week of her assigning him to the kitchen job, however, plaintiff was complaining of a sore foot and pain, and he advised Warden Kennedy that the pot scrubber job was beyond his medical restrictions. Evidently, Warden Kennedy then responded that "she did not care," although he was switched to counter attendant. However, this job still involved prolonged standing and rubber boots, and, two and a-half weeks later, plaintiff had gangrene. He has stated an Eighth Amendment claim against Warden Kennedy.

Similarly, plaintiff has stated Eighth Amendment claims against Captain Smith, Ann Phipps, Louise Stiek, and Kris Willeford. Plaintiff alleged that each of these defendants was aware of his diabetes and of his medical restrictions because he personally showed them his HSM-18 form, and that it was obvious the kitchen jobs were beyond his restrictions. He also claims that he showed Captain Smith his swollen foot and that Officer Phipps saw him fall on the wet floors. Plaintiff has alleged sufficient facts against these defendants to survive § 1915A screening, and it is recommended that plaintiff's claims against these defendants be retained and service ordered on these defendants.

### 2. Inadequate medical treatment.

Plaintiff claims that PA Woodcroft and PA Bartlett were deliberately indifferent to his serious medical needs because they failed to diagnose properly the seriousness of his foot injury before it developed into gangrene.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. Estelle

v. Gamble, 429 U.S. 97, 105 (1976); Wilson v. Seiter, 501 U.S. 294, 303.(1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. Farmer, 511 at 825. Negligent medical care does not constitute a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Taking his allegations as true, plaintiff has successfully alleged deliberate indifference claims against PA Wwoodcroft and PA Bartlett. Plaintiff testified that he was suffering with a cold/flu around the same time that he saw the defendants for his swollen foot. Despite plaintiff explaining to defendants that his foot injury arose coincidentally with his working in the kitchen, where he was required to stand and wear the rubber boots, defendants would not listen to him and attributed his swollen foot to pneumonia, which plaintiff claims he never had. Plaintiff also testified that both defendants authorized him to return back to work. Plaintiff's allegations sufficiently state a claim of deliberate indifference against PA Bartlett and PA Woodcroft.

**C.     Hilda Silvas.**

Plaintiff has sued Hilda Silvas arguing that she failed to help him file a Step 2 grievance. Inmates do not have a constitutionally protected right to a grievance procedure. Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Rather, when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the

government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain a prisoner' grievance.  Id.

Because plaintiff has no constitutional right to file a grievance, Ms. Silvas' alleged failure to help him file one fails to state a constitutional violation.  Moreover, his access to the courts has not been compromised as his underlying constitutional claims of deliberate indifference to his serious medical needs are being considered herein.  In the event plaintiff might suffer prejudice in the future in a legal proceeding as a consequence of Ms. Silvas' actions, it is recommended that plaintiff's claims against Ms. Silvas be dismissed without prejudice.

**D.     Remaining defendants.**

Plaintiff has failed to allege sufficient facts to state a constitutional violation against the remaining defendants.  As to Keith Farrell, plaintiff claims that he spoke to this food service manager about his medical limitations, and that Officer Farrell told him that he needed to talk to Captain Smith because Captain Smith was in charge of kitchen job assignments.  That is, Officer Farrell had no authority to re-assign plaintiff to a different job, and he advised plaintiff of this fact.  Moreover, plaintiff does not suggest that Officer Farrell forced him to work or threatened him with a disciplinary case if he did not work.  As such, plaintiff fails to state facts demonstrating that Officer Farrell was personally involved in the deliberate indifference to his serious medical condition by forcing him to work beyond his HSM-18 restrictions, and it is recommended that plaintiff's claim against this defendant be dismissed for failure to state a claim.  See Woods v. Edwards, 51 F.3d 577, 583 (5th Cir.

1995) (to state a cause of action under § 1983, a plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged).

Similarly, defendant Angelina Ward listened to plaintiff's complaints about his job assignment and stated that she would get back to him with a response. Plaintiff admitted at the hearing that Officer Ward never saw his written HSM-18. Moreover, by the following week, plaintiff was no longer working in the kitchen due to the seriousness of his foot condition. Officer Ward did not violate his Eight Amendment rights when she indicated she would look into his complaints and get back to him. It is recommended that his claim against this defendant be dismissed.

Finally, as noted above, plaintiff did not intend to sue defendant Randolph M. Rincon, and it is respectfully recommended that plaintiff's claims against this defendant be dismissed.

**E.     Eleventh Amendment.**

Plaintiff has sued defendants in their official and individual capacities. He seeks both injunctive relief and monetary damages. (See D.E. 1at 21-22).

A suit against a prison employee in his official capacity is the same as a suit against the entity the employee represents. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The Eleventh Amendment bars a suit for money damages against a state or state agency. Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996). A judgment may not be entered against a state officer in his official capacity for violating federal law in the past. Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

To the extent plaintiff is suing defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment, and it is respectfully recommended that those claims be dismissed with prejudiced as barred.

## IV. **RECOMMENDATION**

Based on the above, it is respectfully recommended that:

(1) Plaintiff's claims of deliberate indifference to his serious medical needs against Eileen Kennedy, Captain Smith, Ann Phipps, Louis Stiek, Kris Willeford, Richard Woodcroft and David Bartlett in their individual capacities be retained on the Court's docket and service ordered on these defendants;

(2) Plaintiff's claims for money damages against defendants in their official capacities be dismissed with prejudice as barred by the Eleventh Amendment;

(3) Plaintiff's claims against Keith Farrell, Angelina Ward be dismissed for failure to state a claim. 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b)(1);

(4) Plaintiff's claims against Randolph M. Rincon be dismissed without prejudice on plaintiff's own motion; and

(5) Plaintiff's claims against Hilda G. Silvas be dismissed without prejudice.

Respectfully submitted this 19th day of April, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).