IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIE EASON, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CA C-07-104 |
| | § | |
| WARDEN KENNEDY, ET AL., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR APPOINTMENT OF COUNSEL AND ORDER TO
CLERK TO MAIL A COPY OF THE DOCKET SHEET TO PLAINTIFF**

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently incarcerated at TDCJ-CID's McConnell Unit in Beeville, Texas. Proceeding *pro se*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendant/prison officials at the McConnell Unit in Beeville, Texas, were deliberately indifferent to his serious medical needs, resulting in the need to amputate his toe (D.E. 1). Pending is plaintiff's motion for appointment of counsel (D.E. 20). The motion is denied without prejudice.

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).

Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not overly complex. According to plaintiff, the defendants placed him in work assignments which were against his medical restrictions, resulting in fainting, hospitalizations, and eventually amputation of his toe. He alleges that the physicians assistants who treated his medical conditions failed to give him proper care. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings and his testimony at the evidentiary hearing demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case. Though plaintiff claims he cannot read or write, he appears to have adequate assistance from others to present his claims. He has been able to file some grievances, submit I-60s to prison officials, and file motions with the court.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and

in cross-examination. Examination of this factor is premature because the case has not yet been set for trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 20) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

In his motion plaintiff also demanded a jury trial and requested a copy of the docket sheet. Because defendants demanded a jury trial (D.E. 11), this case will be placed on the jury docket if the claims survive summary judgment. FED. R. CIV. P. 38(b). The Clerk is ordered to mail a copy of the current docket sheet to plaintiff.

ORDERED this 5th day of February, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE